IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| BRIAN MULLIN d/b/a <br> BRIAN MULLINS EXCAVATING, <br><br> Plaintiff, <br><br> v. <br><br> HARTFORD ACCIDENT AND <br> INDEMNITY COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 3:04-CV-525 <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

This civil action is before the court on defendant Hartford Accident and Indemnity Company's ("Hartford") motion for summary judgment [doc. 11] and on plaintiff's motion for summary judgment [doc. 15].[1] For the reasons that follow, defendant's motion will be granted and plaintiff's motion will be denied. This case will be dismissed.

I.

*Factual Background*

The parties have filed joint stipulations [doc. 10] providing in material part:

---

[1] Inexplicably, plaintiff's filings spell his last name both as "Mullin" and as "Mullins." Because the filings consistently refer to plaintiff's business name as "Mullins" Excavating, and because plaintiff's affidavit is captioned "Affidavit of Brian Mullins," the court will utilize "Mullins" except when quoting documents containing the "Mullin" spelling.

> 2. Hartford issued Contract Bond No. 21309 naming CMC Construction, Inc. ("CMC") as principal and the State of Tennessee, Board of Regents, as Obligee (the "Contract Bond") in relation to a project known as Phase I Facility/Roane State Community College, Oak Ridge Branch Campus, Oak Ridge, Tennessee . . . (the "Project"). . . .
>
> 3. Plaintiff provided labor, services, and/or material to CMC to be incorporated into the project.
>
> 4. The last date on which Mullin provided labor, material, or services to the Project was prior to August 16, 1999.
>
> 5. A Certificate of Substantial Completion was issued on the Project on August 16, 1999.
>
> 6. The Project is a public works project governed by the provisions of Title 12 of the Tennessee Codes [sic] Annotated.
>
> 7. Hartford's agent executed, on behalf of surety, a Consent of Surety to Final Payment ["Consent"], dated October 1, 1999 . . . .
>
> 8. Mullin filed suit against CMC in the Chancery Court for Anderson County, Tennessee on or about October 16, 2002 seeking judgment for labor, materials and services provided to the Project. ( . . . hereinafter the "CMC Lawsuit").
>
> 9. Hartford was not a party to the CMC Lawsuit and was unaware of the CMC Lawsuit.
>
> 10. Judgment was entered in favor of Mullin and against CMC in the CMC Lawsuit on or about May 6, 2004.

[Doc. 10].

The Consent states in part that Hartford "hereby approves of the final payment to the Contractor, and agrees that final payment to the Contractor shall not relieve the Surety of any of its obligations *including any outstanding or potential claims*." [Complaint, ex. 1] (emphasis added). The final judgment in the CMC Lawsuit exceeded $274,000.00.

2

[Complaint, ex. 3].

According to the present Complaint, both CMC and Hartford have refused to satisfy the judgment. Hartford contends that Mullins' surety claim is barred by a six-month statute of limitations.[2]

Mullins filed the present case in state court on September 30, 2004, alleging breach of Hartford's surety obligation. The case was removed to this court on November 5, 2004.

In support of its summary judgment motion, Hartford has filed the affidavit of Laura B. Mahler [doc. 13, ex. A]. Ms. Mahler works for Hartford as a Bond Claim Manager. By her uncontroverted affidavit, Ms Mahler states that Hartford was not aware of Mullins' claim until August 19, 2004.

II.

*Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Edwards v. Aguillard*, 482 U.S. 578, 594, 107 S. Ct. 2573, 2583, 96 L. Ed. 2d 510 (1987) (quoting Fed.

---

[2] Lawsuits seeking payment under a public contract surety bond "shall be brought or claims so filed within six (6) months following the completion of such public work, or of the furnishing of such labor or materials." Tenn. Code Ann. § 12-4-206 (1999).

R. Civ. P. 56(c)). The movant may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which it bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). In order to defeat a motion for summary judgment, the non-moving party must offer significantly probative evidence in support of its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986).

Under Tennessee law, both the interpretation of statutes and the interpretation of bonds are questions of law. *State ex rel. Pope v. United States Fire Ins. Co.*, 145 S.W.3d 529, 533 (Tenn. 2004). Where a party is entitled to prevail on a pure question of law, summary judgment is appropriate. *Carver v. Dennis*, 886 F. Supp. 636, 638 (M.D. Tenn. 1995).

### III.

*Analysis*

As noted above, Hartford argues that Mullins' surety claim is barred by T.C.A. § 12-4-206's six-month statute of limitations. Mullins, however, contends that the Contract

4

Bond was transformed into a "common law bond" to which the statute of limitations does not apply. Mullins argues that this transformation resulted both from the terms of the bond itself [plaintiff's summary judgment memorandum, p. 4] and by the "any outstanding or potential claims" language of the Consent [plaintiff's summary judgment memorandum, p. 5]. Following a brief discussion of public contract bond law, the court will address plaintiff's arguments in turn.

### A. "Statutory" v. "Common Law" Bonds

The parties stipulate that the Project was a public works project subject to Title 12 of the Tennessee Code. Surety bonds for public work contracts in Tennessee are regulated by T.C.A. sections 12-4-201 through 12-4-208. Any laborer or materialman, if necessary, "may bring an action on the bond." Tenn. Code Ann. § 12-4-204 (1999). However, such suit must be commenced "within six (6) months following the completion of such public work, or of the furnishing of such labor or materials." Tenn. Code Ann. § 12-4-206 (1999).

Where a surety bond contains "the minimum requirements of the Code and no more," it is a "statutory bond" and is subject to all statutory requirements (including § 12-4-206's six-month statute of limitations). *Wal-Board Supply Co., Inc. v. Daniels*, 629 S.W.2d 686, 688 (Tenn. Ct. App. 1981). If, however, "the bond, *according to its terms*, extends greater privilege to the claimant than required by statute it is referred to as a common-law bond" and is not subject to the statutory requirements (such as the six-month statute of

5

limitations). *Id*. (emphasis added). "We can assume that when a bond was executed to comply with a statute, absent anything indicating otherwise, the parties intended to comply with the statute and nothing more." *Pope*, 145 S.W.3d at 534.

### B. Extra-Statutory Protection Extended by the Consent

Mullins argues that:

> Specifically, the Consent of Surety to Final Payment states: ". . . hereby approves of the final payment to the Contractor, and agrees that final payment to the Contractor shall not relieve the Surety of any of its obligations *including any outstanding or potential claims*." (Emphasis added) . . . . Thus, there is no dispute that based on the current state of the law in Tennessee and the language of the Consent of Surety to Final Payment, the Contract Bond was modified to include any outstanding claims, and the Hartford, as Surety, is obligated to satisfy any outstanding claim of CMC Construction, including the claim of Brian Mullins.

[Plaintiff's summary judgment memorandum, p. 5].

Plaintiff's position fails for two reasons. First, he cites (and the court's research reveals) no authority to suggest that a statutory bond can be transformed into a common law bond by any document other than the bond itself. *See, e.g., Koch v. Constr. Tech., Inc.*, 924 S.W.2d 68, 74 (Tenn. 1996) (looking to the language of the bond itself); *Hogan v. Walsh & Wells*, 177 S.W.2d 835, 836-37 (Tenn. 1944) (same); *Wal-Board*, 629 S.W.2d at 688 (when the bond, *according to its terms*, extends greater privilege . . . .) (emphasis added); *Heglar v. McAdoo Contractors, Inc.*, 487 S.W.2d 312, 315-16 (Tenn. Ct. App. 1972) ("It is our opinion that the result reached heretofore by the Courts has been predetermined by the nature of the bond in each case. . . . The verbiage of the instant bond

6

is . . . .").

Further, the cited Consent language ("final payment to the Contractor shall not relieve the Surety of any of its obligations including any outstanding or potential claims") does not provide rights beyond those contained in the relevant statutes. Instead, as Hartford correctly points out, the language merely restates the surety's existing statutory obligations, including the duty "*to pay for <u>all</u> the labor and materials used by the contractor,*" Tenn. Code Ann. § 12-4-201(a) (emphasis added), subject - of course - to the appropriate statute of limitations.

### C. <u>Extra-Statutory Protection Extended by the Bond Itself</u>

Lastly, Mullins argues that "it is clear that the Contract Bond provided by Hartford is not a statutory bond but a common-law bond since ***it*** extends greater privileges and protection than the minimum limits set forth in the statute." [Plaintiff's summary judgment memorandum, p. 4] (emphasis added). Mullins does not, however, endeavor to explain how the Contract Bond itself extends any extra-statutory benefits. The court has reviewed plaintiff's complaint, affidavit, statement of facts, and summary judgment briefing and is unable to find any developed argumentation in support of this position.

"[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). Plaintiff's theory (that the bond's terms surpassed the relevant statutory provisions) is accordingly deemed waived. "[I]ssues adverted to in a perfunctory

7

Case 3:04-cv-00525   Document 25   Filed 06/17/05   Page 7 of 9   PageID #: 45

manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citation and quotation omitted).[3]

The court accordingly concludes that the Contract Bond was not transformed into a common law bond. In considering whether a bond is statutory or common law, Tennessee courts weigh: (1) whether the bond contains "an obligation above and beyond that contemplated by the statute;" (2) whether the bond expressly incorporates the relevant statutes; and (3) whether the bond mentions any time limitations for notice and suit. *See Koch*, 924 S.W.2d at 74. As discussed, Mullins has pointed to no Contract Bond language that goes "above and beyond that contemplated by the statute" in regards to labor and materials.[4] Further, the bond expressly incorporates all pertinent statutes [Doc. 10, ex. A]. Lastly, although the bond does not expressly set forth a statute of limitations, where a bond "contains no provision for a period of limitation for suit . . . the terms of the statute are

---

[3] Although the issue is waived, the court has nonetheless reviewed the Contract Bond and finds no provision relating to labor and materials that goes beyond the minimum statutory requirements.

[4] To be certain, the bond contains additional obligations unrelated to labor and materials. For example, the bond imposes duties on Hartford (and *to* the state) relating to "all costs and damage whatsoever" caused by a contractual breach by CMC. [Doc. 10, ex. A]. However, these obligations *to the state* are "distinct and separate obligations although combined in one paper" and do not render the laborers and materialmen bond non-statutory. *City of Knoxville v. Melvin F. Burgess, Inc.*, 175 S.W.2d 548, 550 (Tenn. 1943) ("The obligation to the governmental agency may be subject to the common law and the obligation to laborers and materialmen may be subject to the statute if the latter obligation is only such an obligation as is required by the statute.").

8

implied and prevail." *Heglar*, 487 S.W.2d at 315.

The Contract Bond is a statutory bond. Mullins did not comply with T.C.A. § 12-4-206's six-month statute of limitations. Hartford's summary judgment motion must accordingly be granted, and this civil action must be dismissed. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan
    United States District Judge